UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:18-cr-525-JSM-TGW

GERLIN RUTILIO IBARGUEN VALENCIA

## UNITED STATES' SENTENCING MEMORANDUM

The Court should deny defendant, Gerlin Rutilio Ibarguen Valencia's request for a minor role adjustment for the reasons set out in this memorandum.

## Procedural Background

Mr. Ibarguen Valencia's case is before this Court because the Eleventh Circuit vacated Mr. Ibarguen Valencia's sentence on appeal and remanded the case for resentencing. Mr. Ibarguen Valencia appealed his 140-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(l)(B)(ii), and aiding and abetting to possess with intent to distribute five kilograms or more of cocaine aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(l)(B)(ii). Dkt. 140. In his appeal, Mr. Ibarguen Valencia challenged the district court's denial of minor-role reduction under USSG § 3B1.2(b) and the district court's denial of safety valve relief. *Id*. The

Eleventh Circuit affirmed the denial of safety-valve relief, but vacated and remanded for resentencing as to minor-role reduction entitlement "because the record shows that the district court considered only one factor in analyzing whether to grant or deny Valencia's minor role reduction." *Id.*

## Factual Background

### A. Offense Conduct

On or about October 20, 2018, the U.S. Coast Guard interdicted a go-fast vessel (GFV) in international waters, approximately 240 nautical miles southwest of the El-Salvador–Guatemala border. The Coast Guard conducted right-of-approach questioning to determine the nationality, if any, of the GFV. The master of the GFV claimed Colombian nationality for the vessel. Pursuant to the United States–Colombian Bilateral Agreement, the U.S. Coast Guard approached the Government of Colombia and requested confirmation of the registry and nationality of the subject GFV. The Government of Colombia responded that it could neither confirm nor deny the verbal claim of Colombian nationality of the vessel. Therefore, the vessel was treated as one without nationality and subject to the jurisdiction of the United States. The Coast Guard found 65 bales containing 2,040 kilograms of cocaine aboard the GFV. *See* Dkt. 51.

## Pre-Sentence Investigation Report

The final Presentence Investigation Report for Mr. Ibarguen Valencia was filed on July 2, 2019. Dkt. 98. The applicable base offense level is 38. *Id.* at ¶ 17. A

three-level reduction for acceptance of responsibility (*Id*. at ¶ 24-5) was applied, resulting in a total offense level of 35. *Id.* at ¶26. The defendant has a criminal history category of I. *Id* at ¶30. As such, the guideline imprisonment range is 168 to 210 months. *Id.* at ¶ 58. The mandatory minimum term of imprisonment is 10 years. *Id.* at 57. The applicable period of supervised release is at least five years up to life under 21 U.S.C. § 960. Relevant to this Court's consideration on re-sentencing, Mr. Ibarguen Valencia objected to the United States Probation Office's failure to award a minor-role reduction under USSG §3B1.2. During his sentencing hearing, however, the Court elected to vary downward from the low end of the guideline range in consideration of the defendant's relative role in the conspiracy. Dkt. 112 at p. 29, Dkt 103.

## Objection: Minor Role

### A.  Legal Framework

Under the U.S. Sentencing Guidelines, a defendant may receive an offense level reduction for having a limited role in the offense. USSG §3B1.2. The defendant may receive a four-level reduction if he was a minimal participant, a two-level reduction if he was a minor participant, or a three-level reduction if he was somewhere in between. *Id.* The adjustment applies to defendants that are "***substantially less culpable than the average participant*** in the criminal activity." *Id.* § 3B1.2 cmt. n.3(A) (emphasis added). The proponent of the downward adjustment bears the burden of establishing his entitlement to such adjustment by a

preponderance of the evidence. *United States v. DeVaron,* 175 F.3d 930, 934 (11th Cir. 1999).

Determining whether a defendant merits a mitigating role reduction is a heavily fact-dependent, totality of the circumstances analysis. *Id.* §3B1.2 cmt. n.3(C), *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016) (district courts may not deny a defendant's minor role reduction by considering only one factor). It requires consideration of various factors, including:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.*

In the Eleventh Circuit, determining whether a defendant merits a mitigating role reduction involves a two-pronged analysis. First, the court must evaluate the defendant's role in the relevant conduct for which he is being held accountable at sentencing. *De Varon*, 175 F.3d at 934, 940. Second, where the record evidence is sufficient, the district court may also compare the defendant's conduct, in the criminal scheme attributed to him, to that of other participants. *Id.* at 934, 944.

Regarding the first prong in the *De Varon* analysis, the Eleventh Circuit has explained that a mitigating role reduction for a defendant convicted of conspiracy

"only makes sense analytically if the defendant can establish that her role was minor as compared to the relevant conduct ***attributed to her***." *De Varon*, 175 F.3d at 941 (emphasis in original). "Otherwise, a defendant could argue that her relevant conduct was narrow for the purpose of calculating base offense level, but was broad for determining her role in the offense." *Id.* "A defendant cannot have it both ways." *Id.* Accordingly, "where the relevant conduct attributed to a defendant is identical to her actual conduct, she cannot prove that she is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which she was a minor participant but for which she was not held accountable." *Id.*

Concerning the second prong of the *De Varon* analysis, the Eleventh Circuit has emphasized that "a defendant is not automatically entitled to a minor role adjustment merely because she was somewhat less culpable than the other discernable participants." *De Varon*, 175 F.3d at 944. Instead, "the district court must determine that the defendant was less culpable than ***most other participants*** in her relevant conduct." *Id.* (emphasis in original).

To assist in the mitigating role analysis, the Eleventh Circuit has provided a non-exhaustive list of factors to consider in the drug courier context, including the amount of drugs; the fair market value of the drugs; the amount of money the courier was to be paid; whether the courier had any equity interest in the drugs; the courier's role in planning the criminal scheme; and the courier's role in the distribution. *De Varon*, 175 F.3d at 945.

The Eleventh Circuit has applied the *De Varon* analysis to maritime interdiction conspiracy cases similar to the instant case and has upheld the district court's decision to deny a mitigating role reduction for a crewmember. For instance, in *United States v. Palma-Meza*, 685 F. App'x 806 (11th Cir. 2017), the defendant—like Mr. Ibarguen Valencia—pleaded guilty to drug trafficking in international waters in violation of 46 U.S.C. § 70503(a). The *Palma-Meza* court sentenced that defendant based on the quantity of cocaine involved (480 kilograms), the vessel's small crew size, and the defendant's background and work experience, and noted that the quantity of drugs "was not insignificant" and that his role on the vessel "was not meaningfully distinct from the other two crewmembers." *Id.* at 807–08; 810.

In *United States v. Herrera-Villarreal*, No. 15-14923, 2016 WL 6123493, at *1 (11th Cir. Oct. 20, 2016), the defendant faced the same two charges on which the grand jury indicted Mr. Ibarguen Valencia. The *Herrera-Villarreal* court sentenced that defendant "based on the offense conduct of transporting 1,227 kilograms of cocaine as a crewmember aboard a vessel." *Id.* at *2. The Eleventh Circuit explained that "[b]ecause [the defendant's] offense level was calculated using only the amount of drugs found on the boat on which he served, he did not have a minor role compared to his relevant conduct." *Id.* The Eleventh Circuit emphasized that the defendant's "actual conduct was identical to the relevant conduct attributable to him." *Id.* The court also pointed out that the defendant presented no evidence demonstrating that he was less culpable than the other vessel's crewmembers. *Id.*

### B. Mr. Ibarguen Valencia cannot show he is substantially less culpable than the average participant in the criminal activity.

Mr. Ibarguen Valencia is not entitled to a minor role or minimal participant reduction under *De Varon* and USSG §3B1.2.

1. <u>Mr. Ibarguen Valencia fails to satisfy the first prong of *DeVaron* analysis because he cannot show he is substantially less culpable within the conduct for which he was held accountable.</u>

*De Varon*'s first prong requires the Court to evaluate the defendant's role in the relevant conduct for which he is being held accountable at sentencing. The object of the conspiracy to which Mr. Ibarguen Valencia pleaded guilty, was to transport at 2,040 kilograms of cocaine (and likely much more) across international waters. Several of the *DeVaron* and USSG §3B1.2 cmt. n.3(C) factors weigh against finding that Mr. Ibarguen Valencia played a minor role in this conspiracy.

Mr. Ibarguen Valencia is being held accountable for the 2,040 kilograms that were found on board the GFV. The large amount of drugs indicates that the cartels placed a large amount of trust, autonomy, and responsibility on him and his codefendants. *See United States v. Alvarado-Forbes*, 247 F. App'x 203, 204 (11th Cir. 2007) (stating "the substantial amount of cocaine on the vessel was a material consideration" for denying minimal participant or minor role) *See also United States v. Cruichshank,* 837 F. 3d 1182, 1195 (11th Cir. 2016) (reaffirming that the amount of drugs that a courier possesses is a significant consideration in minor role analysis, but explaining that it may not be used as the *only* factor the court considers).

Because Mr. Ibarguen Valencia's actual conduct was coextensive with his relevant conduct, he cannot have had a minor role compared to his relevant conduct. Although Mr. Ibarguen Valencia's conspiracy may be part of a larger criminal enterprise, he is not being held accountable for the actions of any larger enterprise. He is solely being held accountable for his actions on the GFV which was transporting 2,040 kilograms of cocaine. *De Varon*, 175 F.3d at 941, 947 (court should evaluate defendant's role based on the conspiracy for which he is held accountable; rejecting notion that the defendant's role should be based on a "far-flung narcotics enterprise that may stretch from the grower, to the manufacturer in a foreign land, through the distribution mechanism, to the final street-level distributor").

Lastly, Mr. Ibarguen Valencia's offense level is calculated using only the amount of drugs on the vessel. Doc. 60 at ¶¶ 19–28. Thus, his "actual conduct was identical to the relevant conduct attributable to him." *Herrera-Villarreal*, 2016 WL 6123493 at *2. Because Mr. Ibarguen Valencia did not have a minor role compared to his relevant conduct, he cannot carry his burden on the first prong of the *De Varon* analysis. *See, e.g., Alvarado-Forbes*, 247 F. App'x at 205 (denying minimal participant or minor role where defendant claimed his sole purpose on a vessel with kilograms of cocaine was "to be a live body" and "make the vessel look like a fishing vessel"; defendant's stated purpose "would not make him a minor participant because concealing the illegal nature of the vessel's cargo would be vital to the success of the smuggling scheme").

2. Mr. Ibarguen Valencia fails to satisfy the second prong of the *DeVaron* analysis.

Even if Mr. Ibarguen Valencia could satisfy the first prong of the DeVaron analysis, he fails to satisfy *De Varon*'s second prong, which requires the Court to compare the defendant's role in the conspiracy to that of other participants in the criminal scheme attributable to him. *De Varon*, 175 F.3d at 934, 944. As previously noted, the conspiracy for which Mr. Ibarguen Valencia is being held accountable is limited to the 2,040 kilograms of cocaine that were recovered from the GFV that Mr. Ibarguen Valencia and his co-defendants were navigating. The law is clear that the Court "cannot use a [defendant's] status [as a minor participant in the overall drug smuggling conspiracy] to justify a minor-role reduction in his sentence for the smaller conspiracy in which he personally participated." *United States v. Bonilla-Ortiz*, 362 F. App'x 63, 65 (11th Cir. 2010); *United States v. Pico-Mocera*, 740 F. App'x 969, 972–73 (11th Cir. 2018) (upholding denial of minor role where defendant failed to prove he had a lesser role than either of the other crewmembers); *United States v. Palma-Meza*, 685 F. App'x 806, 811 (11th Cir. 2017) (upholding denial of minor role even though defendant was a mariner with less responsibility than captain and load guard); *United States v. Ramirez-Garcia*, 195 F. App'x 888, 890 (11th Cir. 2006) (rejecting mitigating role reduction where defendant was one of six mariners on a drug smuggling vessel that carried kilograms of cocaine).

The crux of the analysis is whether Mr. Ibarguen Valencia is "substantially less culpable than the average participant" in the conspiracy. USSG §3B1.2 cmt.

n.3(A). Stated differently, the issue is whether he is "less culpable than *most other participants*" in the conspiracy. *De Varon*, 175 F.3d at 944 (emphasis in original); USSG §3B1.2 cmt. n.5. Here, the average participant in the conspiracy for which Mr. Ibarguen Valencia is being held accountable was a mariner in the boat transporting the drugs. Co-defendant Bonillas Arias was the captain, Mr. Ibarguen Valencia was the mechanic, and co-defendant Victoria Valoy was described as a "mariner." Although Mr. Ibarguen Valencia was possibly slightly less culpable than the captain and slightly more culpable than the mariner, that leaves him as exactly the average participant in the conspiracy in question. Therefore, he has failed to show that he is *substantially* less culpable than the average participant in the relevant conduct, he should be denied a minor role adjustment.

## CONCLUSION

This Court should deny Mr. Ibarguen Valencia's objection with respect to minor role under USSG §3B1.2.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

By: /s/ *Tereza Zambrano Ohley*
Tereza Zambrano Ohley
Special Assistant United States Attorney
Florida Bar No. 0060407
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Tereza.Ohley@usdoj.gov

U.S. v. Ibarguen Valencia                    Case No. 8:18-cr-525-JSM-TGW

# CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Counsel of Record

                                           /s/ *Tereza Zambrano Ohley*
                                        Tereza Zambrano Ohley
                                        Special Assistant United States Attorney
                                        Florida Bar No. 0060407
                                        400 N. Tampa Street, Suite 3200
                                        Tampa, Florida 33602-4798
                                        Telephone:   (813) 274-6000
                                        Facsimile:    (813) 274-6358
                                        E-mail: Tereza.Ohley@usdoj.gov